Rade PAVLOVIC; Ivan Pavlovic; Vera Pavlovic–Stankovic; Djordje Pavlovic, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70268.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2004.*

Decided June 22, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

David Robert Blake, Esq., Oceanside, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Executive Office of Immigration Review, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Allen W. Hausman, Attorney, Paul Fiorino, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

### MEMORANDUM [\*\*]

Petitioner Rade Pavlovic, his wife Vera, and their two children [1] petition for review of the Board of Immigration Appeals' ("BIA") decision reversing the Immigration Judge's ("IJ") allowance of their asylum application as timely filed and affirming the IJ's denial of their applications for withholding of removal and protection under the Convention Against Torture. We dismiss in part, deny in part, and grant in part the petition. Because the parties are familiar with the facts, we will not recite them here.

The BIA denied Pavlovic's application for asylum as untimely under 8 U.S.C. § 1158(a)(2)(B) and found that he did not qualify for an exception under 8 U.S.C. § 1158(a)(2)(D). We have no jurisdiction to review the BIA's determination.[2] We therefore dismiss Pavlovic's claim for review of his asylum application for lack of jurisdiction.

We grant Pavlovic's claim for review of his withholding of removal application.[3] When the BIA conducts an independent review of the IJ's findings, we review the BIA's decision and not that of the IJ.[4] However, to the extent the BIA incorporates the IJ's reasoning as its own, we treat the IJ's reasons as those of the BIA.[5] In this case, we review both the IJ's and the BIA's decisions. The IJ provided reasoning for his denial of withholding, and the BIA reiterated in brief the same reasons.

The IJ found that Pavlovic suffered past persecution due to his political opinions. Thus, he is entitled to a presumption of a well-founded fear of future persecution.[6] The Government can rebut this presumption if it can show by a preponderance of the evidence that "[t]here has been a fundamental change in circumstances such that [Pavlovic] no longer has a well-founded fear of persecution in [his] country of

---

[\*\*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The claims of Pavlovic's wife and children are dependent on his claim. *See* 8 C.F.R. § 208.21. Therefore, all references to the petition will hereinafter be to Pavlovic's petition.

2. 8 U.S.C. § 1158(a)(3); *Hakeem v. INS,* 273 F.3d 812, 815–16 (9th Cir.2001); *see Alfaro–Reyes v. INS,* 224 F.3d 916, 918 (9th Cir.2000) (stating that this court has jurisdiction to determine its own jurisdiction).

3. *See Bellout v. Ashcroft,* 363 F.3d 975, 977–78 (9th Cir.2004) (stating that this court reviews a denial of withholding of removal under the substantial evidence standard.)

4. *Kankamalage v. INS,* 335 F.3d 858, 861 (9th Cir.2003).

5. *Gonzalez v. INS,* 82 F.3d 903, 907 (9th Cir. 1996).

6. *See* 8 C.F.R. § 1208.13(b)(1).

nationality … on account of … political opinion." [7] The IJ found that the Government rebutted any well-founded fear of future persecution due to the changed country conditions in the former Federal Republic of Yugoslavia. He stated that the regime in the country had changed and that Pavlovic had suffered no persecution by the party that was then in power. The BIA, in turn, reiterated that the changed country conditions and regime overcame the presumption of future persecution. This court, however, has held that the BIA must undertake an "individualized analysis of how changed conditions will affect the specific petitioner's situation." [8] As in *Lopez*, the BIA's conclusory determination regarding changed country conditions was not sufficiently individualized to rebut Pavlovic's well-founded fear of future persecution.[9] We therefore remand to the BIA for an individualized determination.

Pavlovic did not present evidence sufficient to meet the "more likely than not" burden of proof required to obtain protection under the Convention Against Torture.[10] Accordingly, we deny that part of the petition.

PETITION DISMISSED IN PART, DENIED IN PART, AND GRANTED AND REMANDED IN PART.

---

7.  8 C.F.R. § 1208.13(b)(1)(i)(A).

8.  *Lopez v. Ashcroft,* 366 F.3d 799, 805 (9th Cir.2004) (internal quotation marks and citation omitted).

