Rade PAVLOVIC; Ivan Pavlovic; Vera Pavlovic–Stankovic; Djordje Pavlovic, Petitioners,

v.

Eric H. HOLDER, Jr.,* Attorney General, Respondent.

No. 05–71161.

United States Court of Appeals, Ninth Circuit.

Submitted March 2, 2009.**

Filed March 4, 2009.

David Robert Blake, Esq., Solana Beach, CA, for Petitioners.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Susan L. Schneider, DOJ–U.S. Department of Justice, Environment & Natural Resources Division, Denver, CO, for Respondent.

Before: T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

MEMORANDUM ***

Rade Pavlovic, his wife Vera, and their

---

\* Eric H. Holder, Jr., is substituted for his predecessor, Michael B. Mukasey, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*** This disposition is not appropriate for publication and is not precedent except as provid-

two children, Ivan and Djordje,[1] seek review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") denial of Pavlovic's application for withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition.

We agree with Pavlovic that substantial evidence does not support the BIA's finding that changed country conditions in the former Federal Republic of Yugoslavia rebutted his well-founded fear.[2] *See Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir. 2004) ("We review the BIA's factual findings regarding changed country conditions for substantial evidence."). The IJ found that Pavlovic suffered past persecution due to his political opinions and his refusal to perform military service. Thus, he was entitled to a presumption of *well-founded* fear of future persecution. 8 C.F.R. § 1208.16(b)(1)(i). This presumption, unless rebutted by the government, made Pavlovic eligible for withholding. *Id.* We granted Pavlovic's prior petition and remanded solely for the BIA to make an individualized determination regarding changed country conditions. *Pavlovic v. Ashcroft*, 102 Fed.Appx. 600 (9th Cir.2004).

The BIA's finding of changed country conditions relied on two state department reports.[3] However, these reports are "hardly sufficient to establish, by the preponderance of evidence that ... conditions have changed so much that [Pavlovic] no longer has a well-founded fear of persecution." *Gui v. INS*, 280 F.3d 1217, 1229 (9th Cir.2002).

For example, the section of the 1996 report devoted to asylum requests on the basis of political opinion does not support the BIA's finding that Pavlovic's life or freedom would not be threatened based on his political opinion if he were returned to his home country. This section explains only that some dissidents are persecuted, while others are not, and there is no mention of the treatment of members of Pavlovic's political party, the Serbian Renewal Party.

Similarly, the section devoted to asylum requests on the basis of refusal to perform military service does not support the BIA's finding. In fact, by reporting that army deserters have been prosecuted and that men who failed to respond to draft calls merely are not pursued *aggressively* (which suggests at least some are being pursued), the report supports the opposite finding.

Nor does the 2000 report support the BIA's decision. This report is dedicated almost entirely to country conditions under Milosevic.[4] The report portrays a grim environment, describing political and other extrajudicial killing, disappearances, arbitrary arrest, torture, and other cruel, inhu-

---

ed by 9th Cir. R. 36–3.

1. The claims of Vera Pavlovic and the two children are derivative of Rade Pavlovic's claim. *See* 8 U.S.C. § 1158(b)(3)(A); 8 C.F.R. § 208.21. Therefore, all references to the petition will be to Pavlovic's petition.

2. Because the parties are familiar with the factual and procedural background, we do not recite it here except as necessary to aid in understanding this disposition.

3. *Former Yugoslavia—Profile of Asylum Claims and Country Conditions*, Bureau of Democracy, Human Rights, and Labor, April 1996; *Federal Republic of Yugoslavia—Country Reports on Human Rights Practices—2000*, Bureau of Democracy, Human rights, and Labor, February 2001.

4. Milosevic was removed from power on October 5, 2000, and arrested by the state on March 31, 2001. The 2000 State Department Country Report was released in February of 2001. "[O]n remand the BIA may not look beyond the existing record to determine whether changed country conditions rebut the presumption of a well-founded fear of future persecution." *Gafoor v. INS*, 231 F.3d 645, 656 n. 6 (9th Cir.2000).

man, or degrading treatment or punishment. There is no substantial discussion regarding how conditions have changed after Milosevic left power.

The report flatly contradicts the BIA's finding that a "preponderance of the evidence in the record indicates that the respondent would not be prosecuted for dodging the draft or for being a member of a demobilized unit, or persecuted for desertion." To the contrary, the report explains that deserters who return to the country will have their cases reviewed on a "case-by-case" basis, "a policy that has not inspired confidence among offenders." Furthermore, the BIA's claim that there is a "wide-ranging policy of amnesty for those accused of dodging the draft" is unsupported by the 2000 report. The report mentions only that a bill has been proposed that would grant amnesty to individuals who avoided military service, but the status of this bill is not known.

The BIA's finding that Pavlovic will not be persecuted based on his refusal to perform military service is further contradicted by his asylum application, in which Pavlovic states that, "[i]n February 2000, my father received a Court Marshal decision, sentencing me to 3 years in prison. The charges are rejecting draft notices and evading military conscription."

The BIA's decision is not supported by the record. For the foregoing reasons, withholding of removal shall be granted on remand.

Petition for review **GRANTED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.